# UNITED STATES DISTRICT COURT
for the
District of Columbia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 18-330
)
218 Mississippi Ave SE, Apt 201 )
Washington, DC 20032 )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A

located in the _____ District of __Columbia__, there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. SECTION 841(a)(1) | (Possession with Intent to Distribute a Controlled Substance); |
| 21 U.S.C. SECTION 843(b) | (Use of a Communication Facility to Facilitate the Commission of a Federal Drug |
| 21 U.S.C. Section 846 | Felony); (Conspiracy) |

The application is based on these facts:

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

James D. Ussery, U.S. Postal Inspector
*Printed name and title*

Sworn to before me and signed in my presence.

Date: December 4, 2018

*Judge's signature*

City and state: Washington, DC    Robin M. Meriweather, U.S. Magistrate Judge
*Printed name and title*

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>218 Mississippi Ave SE, Apt 201<br>Washington, DC 20032 | )<br>)<br>)  Case No.  18-330<br>)<br>)<br>) |

## ANTICIPATORY SEARCH AND SEIZURE WARRANT

To:  Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of __Columbia__
*(identify the person or describe the property to be searched and give its location)*:

218 Mississippi Ave SE, Apt. 201, Washington, DC, 20032, as further described in Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property UPON OCCURRENCE OF THE FOLLOWING CONDITION(S) *(state the condition(s) which must occur to establish probable cause)*:

Priority Mail Parcel No. 9505512859618330143503 entering into 218 Mississippi Ave SE, Apt 201 Washington, DC 20032.

I further find that upon the occurrence of the conditions specified above, such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

IF THE CONDITION(S) DESCRIBED ABOVE HAVE NOT OCCURRED, THIS WARRANT MUST NOT BE EXECUTED.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __JUDGE ROBIN M. MERIWEATHER__.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  December 4, 2018                                    _____
                                                                            *Judge's signature*

City and state:  Washington, DC                                  Robin M. Meriweather, U.S. Magistrate Judge
                                                                 *Printed name and title*

AO 93B  (Rev. 11/13) Anticipatory Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: <br> 18-330 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

| **Certification** |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. <br><br><br> Date: _____ <br><br> _____ <br> *Executing officer's signature* <br><br> _____ <br> *Printed name and title* |

## ATTACHMENT A

### Premises to be Searched

The premises to be searched is located at 218 Mississippi Ave SE, Apartment 201, Washington, DC 20032.

The building at 218 Mississippi Ave SE, Apartment 201, Washington, DC 20032 is a brick residential apartment building within a set of black gates, it is the second brick residential apartment building on Mississippi Ave SE adjacent to the intersection with 4th St SE and Wilmington Pl SE. The brick building has "218" on the left side of the front glass door. The front door is up a set of brick steps.  Apartment 201 is located on the top floor of the building on the east side and immediately to the right at the top of the stairs.  The door is white with black numbers stating "201."  A photo of the building and the door to the apartment are below.





# ATTACHMENT B

# DESCRIPTION OF ITEMS TO BE SEIZED

There is now being concealed certain property, namely: evidence of violations of Title 21, United States Code, Sections 841(a), 843(b), and 846:

1.   Books, records, receipts, notes, ledgers, airline tickets, money orders, and other papers and documents, relating to the illegal shipping and transportation and tracking thereof (whether through U.S. Mails or otherwise), purchase, packaging, sale, and distribution of illegal controlled substances;

2.   All records and other documents related to the possession, shipment, tracking, and delivery of illegal controlled substances via the United States Mails and commercial-shipping entities;

3.   Tickets, notes, receipts, and other items relating to domestic and international travel, including but not limited to, airline tickets, boarding passes, airline receipts, car rental agreements, commercial bus tickets, passports, and visas;

4.   Records, invoices, receipts, records of real estate transactions, bank statements and related records, passbooks, money drafts, money orders, bank drafts, wire transfers, letters of credit and cashier's checks, bank checks, safe deposit box keys, and other items which demonstrate the obtaining, secreting, transfer, and/ or concealment of assets and obtaining, secreting, transfer, concealment and/ or expenditure(s) of money;

5.   Photographs, including still photos, negatives, video tapes, films, undeveloped film and the contents therein, in particular photographs of co-conspirators, of assets and/ or controlled substances;

6.   Address and/or telephone books, papers, and other documents and items reflecting

names, addresses, email addresses, telephone numbers, pager numbers, fax numbers and/ or telex numbers;

7. Indicia of occupancy, residency, rental and/ or ownership of the premises described herein, including, but not limited to, utility and telephone bills, cancelled envelopes, rental, purchases or lease agreements, identification documents, and keys;

8. United States currency, precious metals, jewelry, and financial instruments, including but not limited to stocks and bonds;

9. Illegal controlled substances and controlled substance residue; and contraband related to illegal controlled substance activity, such as weighing scales, razors, mixing bowls, glassine bags, spoons, packaging materials, empty containers, and cutting agents and other instrumentalities and paraphernalia of illegal controlled substance activities;

10. A Priority Mail parcel, Label Number 9505512859618330143503, addressed to 218 Mississippi Ave SE, Apt 201, Washington, DC 20032, and currently or previously containing a mixture or substance of which a portion tested positive for MDMA, and consistent with, 3,4-Methylenedioxymethamphetamine, also known as Ecstasy, a Schedule I controlled substance; and containing a green, leafy, substance suspected to be Marihuana, also known as Marijuana, a Schedule I controlled substance.

11. Any locked containers including but not limited to safes, both combination and lock type, and their contents, which could include any of the above listed evidence. **In the event any such locked containers are seized by law enforcement, and absent exigent circumstances as recognized bylaw or absent authorized and lawful consent, law enforcement will obtain additional judicial authorization via additional search warrant(s) before opening or accessing the contents of such locked containers;**

12. Electronic Storage media or digital devices that could contain records and information related to #1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11 above, used in the commission of, or to facilitate, the above described offenses. **In the event any such electronic storage media or digital devices are seized by law enforcement, and absent exigent circumstances as recognized by law or absent authorized and lawful consent, law enforcement will obtain additional judicial authorization via additional search warrant(s) before examining the content of any such devices.** As used herein, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies). The terms "electronic storage media" and "digital devices" include any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop computers, laptop computers, notebooks, and tablet computers; personal digital assistants; wireless communication devices, such as mobile telephones, and smart phones; digital cameras; peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, USB flash drives, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); security devices; and any other type of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

IN THE MATTER OF THE SEARCH OF:
218 MISSISSIPPI AVE, SE, APT 201,
WASHINGTON, DC, 20032
UNDER RULE 41

SW No. 18-330

**AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41**
**FOR A WARRANT TO SEARCH AND SEIZE**

I, James Ussery, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for an anticipatory warrant to search the premises known as 218 Mississippi Ave SE, Apt 201, Washington, DC 20032, as more particularly described in Attachment A, incorporated by reference herein, hereinafter "PREMISES," for the things described in Attachment B, incorporated by reference herein, upon the delivery into the PREMISES of the TARGET PACKAGE as further described below.

2. I am a United States Postal Inspector, and currently assigned to the United States Postal Inspection Service, Washington Division. I have been employed as a Postal Inspector since July 2014. As part of my duties as a United States Postal Inspector, I investigate the use of the U.S. Mails and private carriers for the illegal transportation of controlled substances and drug trafficking instrumentalities, in violation of Title 21, United States Code, Sections 841(a)(1), 843(b), and 846. I have been trained in various aspects of law enforcement, including the investigation of controlled substance offenses. Through my education and experience, and that of other agents, I have become familiar with the methods that individuals use to traffic illegal

controlled substances through the U.S. Mails. As a federal agent, I am authorized to investigate violations of laws of the United States, and as a law enforcement officer I am authorized to execute warrants issued under the authority of the United States.

3. This affidavit is based upon my personal knowledge, experience and training, and other information developed during the course of this investigation. This affidavit is also based upon information and experience imparted to me by other law enforcement officers. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based upon my training and experience, and upon information and experience imparted to me by other law enforcement officers, I know that drug traffickers often use any means available to them to transport illegal controlled substances. One common method of smuggling illegal controlled substances is to ship such substances via the United States Mails, including Express Mail parcels used for overnight delivery, and other private commercial-carriers.

5. Based upon my training, experience, and upon information and experience imparted to me by other law enforcement officers, with respect to participation in investigations involving illegal controlled substances, I know that:

a. Individuals who traffic in illegal controlled substances often use fictitious names on shipments of such substances in order to hinder law enforcement from identifying them if the shipment is intercepted.

b. Individuals involved in the shipping of illegal controlled substances through the exploitation of private commercial-shipping companies and the United States Mails commonly

use residences of relatives and associates or abandoned properties to receive their deliveries. It is also common for drug traffickers and their associates to transport these packages to alternate locations upon receipt.

    c.    Individuals who traffic in illegal controlled substances commonly maintain, where the traffickers in illegal controlled substances have ready access to them, such as in secured locations within their residence; the residences of friends, family members, and associates; the locations where shipments of illegal controlled substances are delivered; and in the places of operation of the drug distribution activity, such as a stash house or safe house and other locations where illegal controlled substances are stored, packaged for distribution, and distributed, the following items and information:

    i.    books, records, receipts, notes, ledgers, bank records, tickets, passports, money orders and other papers relating to the importation, manufacture, transportation, ordering, sale and distribution of illegal controlled substances; moreover, it is common that such records are maintained by traffickers on computers, cellular telephones, smartphones, personal tablets, laptop computers and other personal electronic storage media and digital devices;

    ii.    large quantities of currency, financial instruments, precious metals, jewelry, stocks and bonds, and other items of value, which are typically proceeds of illegal controlled substance transactions.

    iii.    unsold or undistributed supplies of illegal controlled substances and contraband related to the illegal controlled substance activity, such as weighing scales, razors, mixing bowls, glassine bags, spoons, packaging materials, empty containers, and cutting agents that are used to

facilitate the redistribution of illegal controlled substances, oftentimes such substances and items being related to more than one illegal controlled substance;

   iv. documents, invoices, receipts, records of real estate transactions, bank statements and related records, passbooks, money drafts, money orders, bank drafts, wire transfers, letters of credit and cashier's checks, bank checks, safe deposit box keys, and other items related to the obtaining, secreting, transfer, and/ or concealment of assets and obtaining, secreting, transfer, concealment and/ or expenditure(s) of monies in order to facilitate and conceal the trafficking of illegal controlled substances;

   v. addresses and telephone number books and papers which reflect names, addresses, telephone numbers, telex numbers, fax numbers, and email addresses for their associates involved in the trafficking of illegal controlled substances; these individuals involved in the trafficking of illegal controlled substances often utilizing cellular telephones, and telephone systems to maintain contact with their associates in their illegal transactions;

   vi. photos of themselves, their associates, their property and illegal contraband;

   vii. documents, letters and records relating to trafficking in illegal controlled substances that are often maintained for long periods of time, including but not limited to telephone numbers, telephone books, address books, credit card and hotel receipts, plane and bus tickets and receipts, telephone bills, car rental receipts, passports, accounts and records in fictitious names, false identification, money orders, cashier's checks relating to cash transactions and records indicating the existence of storage facilities used in illegal controlled substances trafficking;

      viii.   indicia of occupancy, residency and ownership of the premises to be searched, including but not limited to utility and telephone bills, canceled envelopes, rental, purchase or lease agreements, identification documents and keys, all of which can be indicative of the identity of drug traffickers and associates involved in and supporting their illegal activities;

      ix.   locked containers including but not limited to safes, both combination and lock type, and their contents, which could include any of the above listed evidence *(in the event any such locked containers are seized by law enforcement upon issuance of this warrant, absent exigent circumstances as recognized by law or absent authorized and lawful consent, law enforcement will obtain additional judicial authorization via additional search warrant(s) before opening or accessing the contents of such locked containers);*

      x.   Electronic Storage media or digital devices that could contain records and information related to all of the above, used in the commission of, or to facilitate, the illegal controlled substance trafficking *(in the event any such electronic storage media and digital devices are seized by law enforcement upon issuance of this warrant, absent exigent circumstances as recognized by law or absent authorized and lawful consent, law enforcement will obtain additional judicial authorization via additional search warrant(s) before examining the content of any such devices).*

## **PROBABLE CAUSE**

6.    On November 29, 2018, U. S. Postal Inspectors in Washington, DC intercepted a Priority Mail Parcel No. 9505 5128 5961 8330 1435 03. The parcel is addressed to "Kelly Smith, 218 Mississippi Ave SE, Apt 201, Washington, DC 20032," with a return address of "Janet Thompson, 7868 Milliken Ave, Rancho Cucamonga, CA 91730," and the parcel is a

brown cardboard box which measures 17x13x13 inches and weighs approximately 5 pounds and 11.6 ounces (hereinafter the "TARGET PACKAGE").

7. The TARGET PACKAGE was mailed on November 26, 2018, from Ontario, California. Ontario, CA area is known to law enforcement as a source area for illegal controlled substances that are subsequently sent through the U.S. Mail stream.

8. Investigation into the return address of the TARGET PACKAGE, through the United States Postal Service address verification database and another law enforcement database, showed that Janet Thompson does not now and has not in the past, been associated with the return address. From my training and experience, and the experience of other agents, I know that drug dealers who are sending illegal controlled substances by the mail or other package delivery services will often use an incorrect return address and/or a fictitious return addressee name when they are shipping parcels containing illegal controlled substances. They use this subterfuge in order to prevent the mailer of the package from being located.

9. On November 29, 2018, the TARGET PACKAGE was removed from the mail stream by Postal Inspectors and exposed to a drug detection canine named Max who is handled by Detective Vincent Witkowski of the Metropolitan Police Department. Detective Witkowski advised Postal Inspectors that Max alerted positive to the presence of illegal controlled substances inside the TARGET PACKAGE.

10. On November 30, 2018, the Honorable G. Michael Harvey, United States Magistrate Judge for the District of Columbia, issued a federal search warrant (1:17-SW-131)

that authorized the search of the TARGET PACKAGE.[1]

11.     Postal Inspectors opened the TARGET PACKAGE on November 30, 2018. Inside, Postal Inspectors found a clear plastic container wrapped in clear tape. Inside of the container was a heat sealed bag of a green, leafy, material suspected to be Marihuana and a heat sealed bag of pills in a "Nerds" candy box, which field tested positive for MDMA. MDMA, 3,4-Methylenedioxymethamphetamine, also known as Ecstasy, is a Schedule I controlled substance. Marihuana, also known as Marijuana, a Schedule I controlled substance. The TARGET PACKAGE was determined to contain approximately 455 grams of Marihuana and 40 Grams of MDMA. Based on my training and experience, and information and experience imparted to me by other law enforcement officers, with respect to participation in investigations involving illegal controlled substances, I know that this is a substantial amount of Marihuana and MDMA that is consistent with drug trafficking and redistribution.

12.     The TARGET PACKAGE and its contents are presently located at the United States Postal Inspection Service Office within the District of Columbia in Washington, DC.

13.     On or about December 5, 2018, U.S. Postal Inspectors intend to conduct a controlled delivery of the TARGET PACKAGE to the PREMISES through the use of one or more law enforcement officers operating in an undercover capacity in order to make delivery of the TARGET PACKAGE to "Kelly Smith" or whomever accepts the TARGET PACKAGE on his/her behalf at the PREMISES, or to whomever verbally acknowledges expectation of the

---

[1] Your affiant would note that in the affidavit in support of search warrant 1:17-SW-131, the TARGET PACKAGE was mistakenly described as being mailed from Georgia, which is not considered a source state, whereas in fact, the TARGET PACKAGE originated from California, which is a source state.

delivery at the PREMISES and accepts the TARGET PACKAGE.

14. If "Kelly Smith" or the person accepting the TARGET PACKAGE enters the PREMISES with the TARGET PACAKGE in hand, law enforcement authorities will execute this search warrant. Depending upon the circumstances, the agents may decide to wait some period of time before executing the search warrant. If any person departs the premises before the execution of the search warrant and in possession of the TARGET PACKAGE, law enforcement authorities will execute the search warrant within a reasonable period of time.

15. This anticipatory search warrant will not be executed if the TARGET PACKAGE is not taken inside of the PREMISES.

16. Based upon these facts, your affiant concludes that probable cause exists to believe that a person or persons located at the PREMISES will accept delivery of the TARGET PACKAGE into the PREMISES and that evidence as further described in Attachment B, will be located within the aforementioned PREMISES that constitutes evidence and instrumentalities of the crimes of illegal shipping, distribution, and possession of controlled substances with intent to distribute, and any attempts and/or conspiracies to do the same, in violation of Title 21, United States Code, Sections 841(a)(1), 843(b), and 846.

17. Based upon all the foregoing information, your affiant respectfully requests that the Court issue an anticipatory warrant to search the PREMISES for the items described in Attachment B.

18. Because law enforcement agents may attempt further investigation should the PREMISES contain certain contraband, the confidentiality of the investigation and the safety of agents and others participating in the investigation could be compromised by the premature

8

release of the information contained in the affidavit and related documents associated with the search warrant being requested in this instance. Additionally, disclosure of these documents through their inclusion on the public docket would endanger other aspects of the government's ongoing investigation and could compromise the safety of future undercover officers that might be employed in any follow-up investigation. As such, disclosure would undoubtedly frustrate the investigation, likely cause some subjects of the investigation to flee and/or destroy evidence, and could endanger the safety of law enforcement agents and any future cooperating witnesses. Accordingly, your affiant requests that this search warrant affidavit and accompanying documents be sealed and not placed upon the public docket until further order of the Court.

### **AUTHORIZATION TO SEARCH AT ANY TIME OF THE DAY OR NIGHT**

19. Based upon the discretionary possibilities described above and the potential for the TARGET PACKAGE to be stored within the PREMISES for an unknown amount of time, as well as the delay which may occur in effecting accepted delivery of the TARGET PACKAGE and its entry into the PREMISES, it is possible that execution of the search warrant could be delayed for some time. Although members of law enforcement will attempt to effectuate delivery of the TARGET PACKAGE during daylight hours, they do not know when the TARGET PACKAGE will be accepted or taken into the PREMISES, or when it will be opened by the intended recipient or recipients. Furthermore, at the moment law enforcement officers observe the TARGET PACKAGE entering the residence, individuals in possession of it may discover its alteration and as a result, they may destroy evidence or otherwise take actions which would prevent law enforcement from recovering evidence located inside the premises or to otherwise identify individuals involved in criminal activity. Accordingly, additional authority is

sought to enter and search the PREMISES at any time of the day or night.

20. For all of the foregoing reasons, I respectfully submit that good cause exists, pursuant to Fed. R. Crim. P. 41(e)(2)(A)(ii), for authorization to execute the search warrant at any time of the day or night. Law enforcement personnel will commence executing the warrant as near to 6:00 a.m. as practicable. However, given the myriad factors that that may prevent completion of the search and seizure by 10:00 p.m., including those described above, I request authorization to continue the warrant execution past 10:00 p.m., if necessary, until completion of the warrant execution. Suspending the execution at 10:00 p.m. until 6:00 a.m. could require securing the PREMISES during the intervening hours, and prolong the disruption of access to, and use of, the PREMISES.

## CONCLUSION

21. This Application seeks authority to enter the PREMISES and to search for and seize fruits, evidence, and/or instrumentalities of the specified federal offenses. More particularly, there is probable cause to believe that at the PREMISES, as further described in Attachment A which is incorporated by reference herein, at the time of the execution of the Search Warrant (upon satisfaction of the stated condition precedent, i.e., that the TARGET PACKAGE is accepted and taken inside of the PREMISES) there will be the items, materials, and objects described in Attachment B, which is incorporated by reference herein, constituting evidence and instrumentalities of the crimes of illegal shipping and distribution of controlled substances, the possession of controlled substances with intent to distribute, and any attempts and/or conspiracies to do the same, in violation of Title 21, United States Code, Sections 841(a)(1), 843(b), and 846.

22. Accordingly, I respectfully request that the Court issue an anticipatory Search Warrant for the PREMISES, which law enforcement may execute once the aforementioned TARGET PACKAGE is received at that location and enters the PREMISES, with authority to execute the Search Warrant at any time in the day or night, as law enforcement deems necessary.

Respectfully submitted,

_____
JAMES D. USSERY,
Postal Inspector, District Narcotics Team
United States Postal Inspection Service

*Subscribed and sworn to before me this 4th day of December, 2018.*

_____
Robin M. Meriweather,
United States Magistrate Judge
For the District of Columbia